IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DOUGLAS CURRY,
also known as FLAVE,

    Defendant.

Criminal No. 06-0399

**ELECTRONICALLY FILED**

**MEMORANDUM AND ORDER OF COURT**

In this criminal action, Petitioner, Douglas Curry, who previously pled guilty to one count of a four-count indictment, and was sentenced on February 20, 2009 to a term of 120 months of imprisonment, has filed a *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. The bases for Petitioner's § 2255 Petition are as follows: (1) under the recently amended Fair Sentencing Act ("FSA of 2010") he was sentenced in excess of the maximum authorized by law; (2) assuming the applicability of the FSA of 2010, under 18 U.S.C. § 3582, he is entitled to a downward departure; (3) he is entitled to a reduction of sentence for his acceptance of responsibility; and (4) under 18 U.S.C. § 3553 the Court must consider the sentence it would have imposed had the FSA of 2010 been in effect at the time he was sentenced.

    **I.**    **Factual and Procedural Background**

On November 14, 2006, Petitioner was indicted by a federal grand jury sitting in the Western District of Pennsylvania. Doc. No. 6. The Indictment charged Petitioner with four offenses: Counts One through Three charged him with possession with the intent to distribute and distribution of 5 grams or more of cocaine base in the form more commonly known as crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); and Count Four charged him with

possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form more commonly known as crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).  Doc. No. 6.

On November 7, 2008, this Court held a change of plea hearing.  Doc. No. 63.  During this hearing, a plea agreement was proffered by the parties and Petitioner pled guilty to Count Four of the Indictment.  Doc. Nos. 64-65.

In the plea agreement, Petitioner acknowledged responsibility for the conduct charged in Counts One through Three, and waived his right to file a motion to vacate his sentence under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.  Doc. No. 65.

The plea agreement specifically indicated that at the time of sentencing, the United States would move to dismiss the remaining counts of the Indictment (Counts One through Three).  Doc. no. 65, p. 3.  In addition to the motion to dismiss Counts One through Three, the plea agreement further indicated that the United States Attorney would move this Court to reduce the offense level by three levels for acceptance of responsibility.  Id.

The plea agreement also indicated:

> [Petitioner] and the United States Attorney further understand and agree to the following:
>
> 1. The penalty that may be imposed upon [Petitioner] is:
>
> (a) A term of imprisonment of not less than 10 years to a maximum of life;
> (b) A fine not to exceed $4,000,000.00;
> (c) A term of supervised release of at least 5 years;
> (d) A special assessment under 18 U.S.C. § 3013 of $100.00.

Id.

Finally, the plea agreement, which Petitioner signed, clearly indicated that Petitioner waived his rights to take a direct appeal (subject to three exceptions):

> 5. [Petitioner] waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:
>
> (a) If the United States appeals from the sentence, [Petitioner] may take a direct appeal from the sentence.
>
> (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, [Petitioner] may take a direct appeal from the sentence.

See doc no. 65, p. 4. He further agreed to waive his rights to file this instant Petition attacking his sentence:

> [Petitioner] further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

Id.

On February 20, 2009, this Court held a sentencing hearing. Doc. No. 70. Petitioner was sentenced to 120 months, to run concurrently with a sentence entered by the Court of Common Pleas of Westmoreland County at docket no. 1246 of 2006, to be followed by five years of supervised release. Doc. No. 71.

## II. Standard of Review

Section 2255 of Title 28 of the United States Code provides that:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3

28 U.S.C. § 2255(a).

Further, section 2255 provides that the Court shall grant a prompt hearing unless Petitioner's Motion to Vacate, and the files and the records in this case "conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b).

When a defendant brings a motion to vacate sentence pursuant to section 2255, the district court is required to hold an evidentiary hearing on a motion to vacate sentence <u>unless</u> the motion and files and records of the case show conclusively that the movant is not entitled to relief. *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008) (emphasis added), citing *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005). In exercising that discretion, " 'the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.' " *Lilly*, 536 F.3d at 195, quoting *Gov't of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989). "The court should view the factual allegations in the light most favorable to the petitioner." *United States v. Smith*, 101 F.Supp.2d 332, 341 (W.D. Pa. 2000), citing *Gov't of the Virgin Islands v. Weatherwax*, 20 F.3d 572, 574 (3d Cir.1994).

Finally, a *pro se* pleading is held to less stringent standards than pleadings drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, a *pro se* habeas petition should be construed liberally. See *Royce v. Hahn,* 151 F.3d 116, 118 (3d Cir. 1998).

### III. Petitioner's Section 2255 Petition[1]

As noted above, Petitioner filed a *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 setting forth four grounds for *vacatur* or correction. The

---

[1] Based on the facts of this case as discussed more thoroughly herein, this Court finds it is not required to hold an evidentiary hearing because the motion and files and records of the case conclusively show that Petitioner is not entitled to relief.

4

Petitioner's first two grounds primarily argue that the Fair Sentencing Act of 2010, Pub.L. No. 111–220, 124 Stat. 2372 (2010), which reduced disparities in sentencing between quantities for crack and powder cocaine, should be applied retroactively to reduce his sentence. The FSA of 2010 became effective August 3, 2010.

However, the United States Court of Appeals for the Third Circuit, in *United States v. Reevey*, 631 F.3d 110 (3d Cir. 2010), held that the FSA is not retroactive if both the offense and initial sentencing occurred before its enactment, as is the case here. *Id*. at 114–15. See also, *United States v. Clark*, no. 12–1115, 2012 WL 1354477, *2 (3d Cir. April 19, 2012) (the Fair Sentencing Act is not retroactive if both the offense and initial sentencing occurred before its enactment). As noted above, Petitioner was sentenced on February 20, 2009, well before the effective date of FSA of 2010. Thus, under *Reevey* he is not entitled to the reduction in his sentence.

Having disposed of his first two grounds, Petitioner next claims he did not receive his three-point reduction for his acceptance of responsibility. However, the plea agreement, the Presentence Investigation Report and the Addendum to the Presentence Investigation Report, all make it clear that Petitioner did, in fact, receive this three-point reduction. To the extent that Petitioner seeks a further reduction based upon his belief that the FSA of 2010 should apply, this Court finds that there is no legal basis (as noted above) for such a reduction, because the FSA of 2010 is not applicable here.

Finally, Petitioner contends that had the FSA of 2010 been effect at the time of his sentence, the sentence this Court imposed would violate 18 U.S.C. § 3553. As noted above, the FSA of 2010 does not apply to this case and thus, Petitioner's argument in this regard is moot.

In addition, the Court notes that Petitioner waived his right to collaterally attack his

sentence.[2] Generally, waivers of the right to appeal and to collateral attack are valid if entered into knowingly and voluntarily, and will divest the district court of jurisdiction over a collateral attack. *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001). In determining "whether a waiver is valid, a court should consider: (1) whether the waiver . . . was knowing and voluntary; (2) whether one of the specific exceptions set forth in the agreement prevents the enforcement of the waiver; *i.e.*, what is the scope of the waiver and does it bar [] review of the issue pressed by the defendant; and (3) whether enforcing the waiver would work a miscarriage of justice. *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008) citing *United States v. Jackson*, 523 F.3d 234 (3d Cir. 2008) (internal quotations omitted). In order to determine whether enforcing a waiver will result in a miscarriage of justice, a court may consider "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Khattak*, 273 F.3d at 563. Ineffective assistance of counsel which prevents a defendant from understanding his plea may result in a miscarriage of justice. See *United States v. White*, 390 Fed. Appx. 114, 116 (3d Cir. 2010).

Here, the Court finds that Petitioner fails to make the requisite showing necessary to invalidate his waiver of collateral attack. Accordingly, the Court will deny his 2255 Petition on his fourth ground.

**IV. Conclusion**

In sum, the Fair Sentencing Act of 2010 is inapplicable here given that Petitioner committed his offense and was sentenced prior to the effective date of the FSA of 2010. In

---

[2] "[Petitioner] further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." Doc. no. 64, p. 4.

addition, Petitioner waived his right to collateral attack. Thus, his Motion must be denied. No certificate of appealability shall issue. An appropriate Order follows.

**ORDER**

AND NOW, this 17th day of May, 2012, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion For Habeas Corpus Relief Under 28 U.S.C. § 2255 (Doc. No. 73) is hereby DENIED. No certificate of appealability shall issue.

s/ Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

Douglas Curry
#ES8127
SCI Rockview
Box A
Bellefonte, PA 16823-0820